UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

TRUSOUTH OIL, LLC                         CIVIL ACTION NO. 11-cv-0493
                                          (Consolidated with 11-cv-1256)

VERSUS

BURLINGTON INSURANCE CO., ET AL     MAGISTRATE JUDGE HORNSBY

**MEMORANDUM RULING**

TruSouth Oil, LLC ("TruSouth") bought a petroleum product from PetroTech Energy, LLC ("PetroTech") and used it to make hydraulic fluid. TruSouth then sold its hydraulic fluid to its customers, many of whom are in the logging business. PetroTech changed the formula for its product but did not tell TruSouth that the new formula contained bio-oil, which some experts say is not suitable for making hydraulic fluid. Customers who used TruSouth's hydraulic fluid began reporting problems with their equipment. TruSouth believes the problems were caused by the bio-oil that came from PetroTech.

American International Specialty Lines Insurance Company provided insurance to TruSouth. As TruSouth's customers asserted claims of damaged or destroyed equipment caused by the hydraulic fluid, the insurer, now known as Chartis Specialty Insurance Co. ("Chartis"), paid them millions of dollars on behalf of TruSouth. Chartis then filed a civil action against PetroTech in state court, which PetroTech removed based on diversity jurisdiction. The case was consolidated with a similar suit that TruSouth filed against PetroTech and its insurer. Before the court is PetroTech's Motion for Partial Summary

Judgment (Doc. 64) that argues Chartis does not have a valid legal basis on which to assert a claim against PetroTech.

Chartis's petition alleges the facts regarding the change in formula and damage to Trusouth's customers' equipment. The insurer then alleges that it has made payments and continues to make payments to TruSouth or on behalf of TruSouth for damages to the third parties caused by the defective blended base stock made by PetroTech. Petition, ¶ 21. Chartis asserts that it is now legally and equitably subrogated to the rights of TruSouth against PetroTech to the extent the insurer has paid and continues to pay proceeds to or on behalf of TruSouth. ¶ 22. Chartis represents in its memorandum that it has produced to PetroTech written settlement agreements with the TruSouth customers, and the agreements contain assignments to Chartis of the rights of the customers in redhibition or otherwise that the customers may have against PetroTech.

A seller such as PetroTech is deemed to know that the thing he sells has a redhibitory defect when he is a manufacturer of that thing. La. Civ. Code art. 2545. A seller who knows that the thing he sells has a defect but omits to declare it is liable to the buyer for the return of the price, reimbursement of the "reasonable expenses occasioned by the sale," and also for damages and reasonable attorney fees. Id. The basic purpose of the remedy is to return the parties to their original position, to restore the status quo. Hollybrook Cottonseed Processing, LLC v. Carver, Inc., 2011 WL 2214936, *3 (W.D. La. 2011). For example, the plaintiff who purchased a defective building for part of its business operations was allowed to recover damages including the cost of removing its inventory from the building, overtime

wages to employees required to replenish the inventory after the building was suitable, the cost to transport the inventory to another facility, and the like. <u>A. Copeland Enterprises, Inc. v. Harimaw, Inc.</u>, 528 So.2d 707, 714 (La. App. 5th Cir. 1988).

The obligation of TruSouth to repair the damage to its customers' equipment is an entirely foreseeable consequence of (allegedly) providing TruSouth a component for its hydraulic fluid that was not suitable for such a purpose. The payments to the customers appear to fall comfortably within the scope of the damages and expenses that may be recovered under Art. 2545. PetroTech has not cited any authority that would negate that conclusion or suggest the remedy is too narrow to permit such items of recovery. Chartis paid those amounts on behalf of TruSouth and became subrogated to TruSouth's rights with respect to those amounts. Chartis is entitled to stand alongside TruSouth in this litigation and attempt to make out a claim in redhibition against PetroTech and recover the amounts it has paid on TruSouth's behalf if the claim is established. Accordingly, PetroTech's **Motion for Partial Summary Judgment (Doc. 64)** is **denied**.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 1st day of October, 2012.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE