UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

TRUSOUTH OIL, LLC                                CIVIL ACTION NO. 11-cv-0493
                                                 (consolidated w/11-cv-1256)

VERSUS

BURLINGTON INSURANCE COMPANY,         MAGISTRATE JUDGE HORNSBY
ET AL

## MEMORANDUM RULING

TruSouth Oil, LLC ("TruSouth") bought a petroleum product from PetroTech Energy, LLC ("PetroTech") and used it to make hydraulic fluid. TruSouth then sold its hydraulic fluid to its customers, many of whom are in the logging business. PetroTech changed the formula for its product but did not tell TruSouth that the new formula contained bio-oil, which some experts say is not suitable for making hydraulic fluid. Customers who used TruSouth's hydraulic fluid began reporting problems with their equipment. TruSouth believes the problems were caused by the bio-oil that came from PetroTech.

American International Specialty Lines Insurance Company provided insurance to TruSouth. As TruSouth's customers asserted claims of damaged or destroyed equipment caused by the hydraulic fluid, the insurer, now known as Chartis Specialty Insurance Co. ("Chartis"), paid them millions of dollars on behalf of TruSouth.

Two lawsuits were filed. TruSouth filed suit against PetroTech and PetroTech's commercial liability insurer, Burlington Insurance Company ("Burlington"), and asserted a claim in redhibition and for unfair trade practices. The second suit was filed by Chartis and

named PetroTech as the only defendant. Chartis demanded that PetroTech reimburse it for the amounts Chartis paid to TruSouth's customers. The two suits, filed in state court, were removed to this court and consolidated.

Before the court is a Motion for Summary Judgment (Doc. 68) filed by Chartis that seeks a declaration from the court regarding the amount of coverage available under Burlington's policies. There are two policies at issue. Each policy has limits of $1,000,000 per occurrence and $2,000,000 aggregate. Chartis seeks a declaration from the court that there were multiple "occurrences" of property damage that happened during the term of each policy, so that the maximum $4,000,000 amount of coverage under the two policies is available.

Burlington opposes the motion on the legal and factual merits. It also argues in its brief and in a Motion to Strike (Doc. 86) that the court should not address Chartis' motion for summary judgment because Chartis has not asserted a claim against Burlington. Chartis sued only a single defendant, PetroTech, in its lawsuit. TruSouth sued both PetroTech and Burlington in its suit. And TruSouth did not join in Chartis's motion for summary judgment on the coverage issues.

Chartis responds that the consolidation of the cases, especially given the subrogation nature of its claims, puts it in a position that it is entitled to seek summary judgment against Burlington even though it has never sued Burlington. The court has reviewed the parties' arguments regarding the effect of consolidation. Even if the cases were deemed a single case for purposes of the final judgment rule and similar procedures, the fact remains that Chartis

did not assert a claim, within that suit, against PetroTech. Courts routinely handle cases involving numerous parties with cross-claims, counterclaims, and third-party demands, but it does not entertain motions in those cases to define the rights between parties that are not on opposite sides of at least one actual such claim.

It appears that Chartis could have sued Burlington, but it did not. TruSouth, who did sue Burlington, presumably could have filed a similar motion regarding coverage, but it did not. The deadlines for the addition of claims or parties and the filing of dispositive motions have passed. To entertain Chartis's motion would make an end run around the scheduling order and pretend that Chartis did sue Burlington. The court recognizes that resolution of this theoretical issue, to the extent it could be resolved on the summary judgment record, might assist in resolving the case. But the lack of an actual claim between the two insurers, coupled with the fact that Chartis will have to establish the liability of PetroTech before the issue of Burlington's available coverage becomes concrete, counsel against addressing the merits of Chartis's motion. For these reasons, Burlington's **Motion to Strike (Doc. 86)** is **granted**, and Chartis's **Motion for Summary Judgment (Doc. 68)** is **denied**.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 2nd day of October, 2012.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE