UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

TRUSOUTH OIL, LLC                          CIVIL ACTION NO. 11-cv-0493

VERSUS

BURLINGTON INSURANCE CO., ET AL       MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

The court recently issued a ruling that addressed a number of pending motions for partial summary judgment filed by PetroTech. One of the motions attacked TruSouth's claims based on negligence and the LPLA. TruSouth responded that to the extent its claims are covered under Louisiana redhibition law, TruSouth does not intend to make claims sounding in negligence or products liability. The claims were said to have been offered only as alternative causes of action. The court outlined how economic loss claims by buyers fall under redhibition law, and personal injury claims fall under the LPLA, with other theories such as negligence not available. The court then granted summary judgment with respect to the negligence and LPLA claims. The court then added that if PetroTech takes the position that any damages claimed by TruSouth fall within the scope of LPLA rather than redhibition, PetroTech must communicate that assertion promptly to the court and TruSouth so that a schedule could be set for resolving any such dispute and deciding whether to revive the LPLA claim. Otherwise, the case will proceed under the two remaining theories: redhibition and the Unfair Trade Practice Act.

PetroTech has filed a Motion for Entry of Judgment (Doc. 137) in which it asks for a Rule 54(b) certification as to the dismissal of the negligence and LPLA claims. PetroTech wishes to avoid what it perceives as an injustice in being placed in the position of expanding on TruSouth's claims. The certification would require TruSouth to immediately appeal with regard to the certified claims if it wished to pursue them. The court has weighed the competing arguments of the parties and finds that the best exercise of its discretion is to deny the request for certification. The trial date is only weeks away, and there are many unresolved factual disputes in the summary judgment record. The interests of justice would best be served by having any appeals decided after the facts have been fully presented at trial and assessed by the jury.

The court is not placing PetroTech in the position of enlarging TruSouth's remedies. PetroTech knows what kinds of damages TruSouth is seeking, and TruSouth has stated that it believes it can recover all of those damages under redhibition law. The court is inclined to agree, but it nonetheless gave PetroTech an opportunity to state any disagreement to improve the possibility that any such legal issue could be resolved before trial rather than in the midst of it. Thus, PetroTech was asked to simply communicate any position it took that the categories of damages claimed by TruSouth do not fall within the scope of damages recoverable on a successful redhibition claim and must, instead, be sought under the LPLA. PetroTech has not promptly communicated any such position, so the case will proceed with the redhibition and Unfair Trade Practice Act claims. For all of these reasons, the **Motion for Entry of Judgment (Doc. 137)** is **denied**.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 2nd day of November, 2012.

                                                  MARK L. HORNSBY
                                          UNITED STATES MAGISTRATE JUDGE