UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

TRUSOUTH OIL, LLC                           CIVIL ACTION NO. 11-cv-0493

VERSUS

BURLINGTON INSURANCE CO.,          MAGISTRATE JUDGE HORNSBY
ET AL

**MEMORANDUM ORDER**

PetroTech argued in Motion in Limine #5 (Doc. 155) that Texas law should govern the claims asserted by TruSouth and Chartis. It backed the argument by stating that the sales of the product at issue were made FOB Shepherd, Texas, which it says transferred ownership in Texas rather than Louisiana. Most of the invoices attached to the motion in limine are FOB Shepherd, but a few are marked FOB Shreveport or FOB Destination.

PetroTech was not required to plead the applicability of Texas law to preserve the question, but it did have an obligation to call the applicability of another state's law to the court's attention in time to be "properly considered." See Kucel v. Walter E. Heller & Co., 813 F.2d 67, 74 (5th Cir. 1987). PetroTech, earlier in the case, filed multiple motions for summary judgment and attacked every claim asserted by TruSouth. Each motion was briefed in terms of Louisiana law, and the court does not recall any focused argument that Texas law should govern the plaintiffs' claims. PetroTech was successful in getting some of the Louisiana law claims dismissed, but others survived the motion practice. PetroTech first raised the issue of potential applicability of Texas law in the motion in limine filed two weeks before the pretrial conference.

The court finds that PetroTech did not, in the context of this fairly complex case, present the issue in time for it to be properly considered. Furthermore, a party should not be able to test the waters by engaging in substantial and potentially case-dispositive motion practice under one state's laws and then changing direction after those tests are not wholly successful. The court also finds that Louisiana law should govern this case, given the receipt of the product in this state and its distribution to, primarily, Louisiana customers of TruSouth. It was mentioned during the pretrial conference that there are 27 suits by such customers pending in Louisiana state courts, with perhaps five in Texas and a couple in Arkansas. For all of these reasons, **Motion in Limine #5 (Doc. 155)** is **denied**.

PetroTech's **Motion to Take Judicial Notice (Doc. 172)** asks the court to take judicial notice of a report, jointly authored by a forestry professor and a U.S.D.A. employee, regarding the downturn in the housing market in 2010 and 2011 and how that, in turn, affected the forestry and logging business. Many of TruSouth's customers are engaged in such business. The motion is **denied**. The court finds that the report is not a fact that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. The opinions stated in the report could certainly be debatable, and the data and methodology behind them would be subject to challenge if the authors testified as witnesses. The report does not fall within the scope of F.R.E. 201.

PetroTech's **Motion in Limine #4 (Doc. 152)** is **denied**. The reply memorandum shows that the issue presented by this motion was narrowed during the briefing to whether seven witnesses/customers who were not listed on the preliminary exhibit lists exchanged in

January 2012 by Chartis and TruSouth should be allowed to testify at trial. Chartis represents that it gave PetroTech the names of the settled customer/claimants, who were not known earlier in the case, as they made claims and became known; Chartis also provided related documents and settlement checks. PetroTech has not articulated any particular prejudice associated with what appears to have been a reasonably prompt identification of the witnesses once they became known to the plaintiffs.

TruSouth's **First Motion in Limine (Doc. 156)** is **denied**. One of the arguments presented in the motion is that the Defendants should not be able to present evidence that Chartis paid over $140,000 to customer Moss even though Moss did not use New June Blend. Chartis stated at the pretrial conference that it was withdrawing the Moss claim from consideration, which appears to have rendered this issue moot. The other issues that TruSouth seeks to avoid being mentioned are the assertions that (1) TruSouth admitted fault to Lott Oil and (2) TruSouth kept using New June Blend after it learned of its high TAN. The motion is denied with respect to these arguments, but PetroTech and Burlington are cautioned that they should not make such a representation to the jury during opening statements unless they can prove it.

TruSouth's **Second Motion in Limine (Doc. 157)** is **denied**. The motion seeks to prohibit any evidence of causation – other than New June Blend – of the customer problems. PetroTech will have to keep its experts within the scope of their reports, but PetroTech may cross-examine TruSouth's experts about other causes that they might not have considered. The same is true with respect to whether TruSouth's products did not meet the OEM

specifications written on the side of the buckets, so TruSouth's **Third Motion in Limine (Doc. 158)** is also **denied**.

TruSouth's **Fourth Motion in Limine (Doc. 159)** is **denied**.  The motion seeks to prohibit evidence from defense expert James Fitch that Trusouth's fluid would have worked if a proper additive had been used.  TruSouth says that Fitch suggested such an additive but did not conduct a test to verify that it would work.  TruSouth expert Lynn Massaad is said to have tested and found this not to be the case.  PetroTech responds that Fitch did conduct a May 28, 2010 test that backs his opinion. TruSouth has not shown on this motion that Fitch's testimony should be excluded. (Fitch's testimony is also the subject of a pending Daubert motion.)

The remaining motions in limine, as well as a motion to amend answer, call for a decision on an issue that has been lurking in this case. It is based on the parties' conflicting characterizations of the claim by Chartis and TruSouth for reimbursement of amounts they paid TruSouth customers to resolve the customers' claims that their equipment was damaged by TruSouth product that contained New June Blend. PetroTech appears to view the claims as individual "customer claims," being prosecuted by Chartis and TruSouth, that must individually satisfy a jurisdictional basis and be proved from stem to stern as if each claim for reimbursement of an amount paid a customer were an individual lawsuit.  After careful consideration, and having become more familiar with the case, the court views the claims differently and in a fashion similar to that articulated by Mr. Goldstein, counsel for Chartis, at the pretrial conference.

TruSouth claims that it purchased a redhibitory product, the New June Blend, which it then passed on to its customers as a component of its hydraulic fluids. If TruSouth proves the New June Blend was redhibitory, it is entitled to recover its damages, including its economic losses, that will make it whole. That is, the damages available are those that will put TruSouth in the position it would have been had it not purchased the New June Blend. The court now holds that those damages include the amounts TruSouth paid in good faith to its customers to settle their claims that the presence of the New June Blend in the products they purchased from TruSouth damaged their equipment and their businesses.

TruSouth had insurance through Chartis that paid large portions of those claims on behalf of TruSouth. The court is of the view that Chartis then stepped into the shoes of TruSouth with respect to the amounts it paid and is now making a claim for reimbursement, as a remedy for redhibition, side by side with TruSouth. PetroTech might argue that Chartis stepped only into the shoes of the customers and must assert the customer claims, subject to any individual defenses PetroTech might have had the customers made the claims directly. The court does not share that view. The court intends to instruct the jury that if TruSouth or Chartis paid in good faith customer claims related to the New June Blend problem, then those payments are within the scope of the damages that TruSouth and Chartis may recover *if they succeed on the merits of their redhibition claim.*

PetroTech recently filed a **Motion to Amend Answer (Doc. 168)** to add several defenses to the customer-assigned claims. The request is well past the pleadings deadlines set in the Scheduling Order, and the requisite good cause to amend after the deadline has not

been shown. See S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA, 315 F.3d 533, 536 (5th Cir. 2003). Accordingly, the motion is **denied** as untimely. Furthermore, many of the proposed defenses are specific to the customer claims and are not relevant under the court's ruling above with respect to the recovery available on the redhibition claim.

PetroTech's **Motion in Limine #1 (Doc. 148)** seeks to exclude documentary evidence that Chartis paid customer claims. **Motion in Limine #2 (Doc. 149)** seeks to exclude the testimony of Chartis adjusters who were involved in the payment of those claims. Both motions are **denied** in light of the ruling above regarding the scope of recovery if TruSouth and Chartis prevail on the redhibition claim.

PetroTech's **Motion in Limine #3 (Doc. 154)** is **denied**. It seeks to exclude all evidence of damages alleged to have been suffered by TruSouth customers, absent a valid and pleaded assignment of such claims. This issue is rendered moot by the court's ruling above with respect to the scope of recovery on a successful redhibition claim.

**Chartis's Motion in Limine for Admission (Doc. 160)** seeks a ruling that various claim forms, settlement agreements, checks, spreadsheets and the like generated in settlements with TruSouth customers are admissible under the business records exception in F.R.E. 803(6). The motion is supported by an affidavit from records custodian Victoria Kats. PetroTech responded with a **Motion to Strike Declaration of Victoria Kats (Doc. 186)**. Both motions are **denied** at this time.

TruSouth and Chartis are directed to reassess how their claims will be presented in light of the court's stated view of the scope of their remedy. The ruling should avoid the need

for presenting much detail about the paperwork and other proceedings associated with most of the paid customer claims. It is only those claims that defendants may contend were not paid in good faith that will require factual review. PetroTech and Burlington will likely disagree with the court's view of the scope of available remedy, but they are nonetheless directed to proceed under that view of the law and promptly identify to plaintiffs any customer claims they challenge as not paid in good faith. They are instructed to use their own good faith in identifying such claims so as to not unreasonably lengthen the amount of evidence the jury must hear at trial. TruSouth and Chartis may elect to drop some such claims for reimbursement, as they did with the Moss claim. Otherwise, they must prepare to prove at trial that any challenged claims were paid in good faith.

       THUS DONE AND SIGNED in Shreveport, Louisiana, this 13th day of December, 2012.

                                              MARK L. HORNSBY
                                        UNITED STATES MAGISTRATE JUDGE