UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

TRUSOUTH OIL, LLC                                    CIVIL ACTION NO. 11-cv-0493

VERSUS

BURLINGTON INSURANCE CO., ET AL      MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

PetroTech's Daubert Motion Re: Opinions of Lynn Massad (Doc. 99) is **denied**. PetroTech originally argued that Massad's testimony should be excluded or limited because Massad did not issue an expert report and her testimony would include an unsupported opinion on the industry standard for testing. TruSouth responded that adequate disclosure was made for this in-house employee to satisfy Rule 26(a)(2)(B) and that Massad would testify as a fact witness about the testing conducted but would not testify as to what the industry standard was in 2010. PetroTech stated in its reply that it accepts TruSouth's explanations regarding the scope of Massad's testimony. The court finds that the disclosure regarding Massad's testimony satisfied the rule. The other objections to her testimony are moot in light of the developments made during the briefing.

PetroTech's Daubert Motion Re: Opinions of Jeremy C. Hoffpauir (Doc. 98) is **denied**. Mr. Hoffpauir, a registered professional engineer with experience working with hydraulic systems and oils, offers four conclusions in his report. PetroTech does not challenge his conclusions that the use of the subject oil resulted in a varnish-like substance

buildup in the hydraulic systems of the equipment that was uncharacteristic of properly performing oil, the varnish-like substance caused failures of hydraulic systems, and the costs to repair damage to the hydraulic systems were reasonable and necessary expenses to repair existing damage and prevent future malfunctions caused by the subject hydraulic oil. PetroTech does object to a fourth opinion, which reads as follows:

> The number of hydraulic system failures began increasing during the summer of 2010 and peaked in the fall of 2010, which is consistent with the 'New June Blend' entering the stream of commerce in June 2010.

PetroTech argues that Hoffpauir improperly equated the presence of the varnish-like substance to the use of PetroTech material, without any testing or verification, and improperly implied that the mere presence of the varnish-like substance equated to damage caused by PetroTech material.  The essence of PetroTech's argument is that New June Blend entering the "system of commerce" does not equate to causation.

TruSouth responds that Mr. Hoffpauir's review of invoices and other evidence noted a correlation between the rise of customer complaints and TruSouth's purchase of the New June Blend that contained tall oil.  TruSouth says that a conclusion of whether the PetroTech product was the cause of the customer complaints is one for the jury, which they can make based on the results of Hoffpauir's investigation. TruSouth's characterization of Hoffpauir's testimony on this point suggests that it is more in the nature of fact evidence than an expert opinion.  A correlation can often be established by any witness, expert or not, by presenting testimony or other evidence that shows a temporal or other relationship between one event

and another. Causation, on the other hand, calls for an expert opinion in the context of a case such as this. TruSouth suggests that Hoffpauir will not offer that ultimate opinion but will simply present facts in an effort to establish a mere correlation between New June Blend being used and customer complaints arising. TruSouth will be allowed to present such evidence.

PetroTech's Daubert Motion Re: Opinions of Christian W. Knudsen (Doc. 101) is **denied**. Dr. Knudsen has multiple degrees in chemical engineering and has been a registered professional engineer for more than 30 years. He has opined that any competent chemical engineer would have advised PetroTech not to blend tall oil into its New June Blend, that Lynn Massad of TruSouth would have rejected the blend out of hand had she been given any indication tall oil was a component, and that TruSouth and Ms. Massad "should not be considered in any way responsible for this debacle." PetroTech objects that this final statement is an unsubstantiated legal opinion and faults Dr. Knudsen for having done no testing of the products at issue.

None of Knudsen's opinions relate to the actual results of the testing, so the court sees no basis to attack his testimony on the grounds that he did not test the New June Blend himself. His opinions regard whether a reasonable chemist at TruSouth should have tested for the presence of tall oil, and those opinions do not appear to be improper. Knudsen will be allowed to testify, and PetroTech may attempt to diminish the weight of his testimony by

cross-examining him regarding the lack of testing and other weaknesses it perceives with respect to his testimony.

PetroTech's Daubert Motion Re: Opinions of John S. Roberts, PhD (Doc. 100) is **denied**. Roberts has a PhD in chemistry and has offered 13 numbered opinions in his report. The first 12 are to the effect that the tall oil included in PetroTech's New June Blend may not be suited for use as a blend component and a lubricant, PetroTech's documentation misrepresented that the product was made of petroleum products, TruSouth would not have purchased the New June Blend had it known of its actual contents, and the New June Blends are not stable to oxidation and generate solids in a relatively short time.

PetroTech's motion is directed at opinion number 13: "The solids generated by the testing of the 'New June Blends' are similar to solids found in equipment of end users of TruSouth hydraulic fluids." PetroTech complains that Roberts tested New June Blend, which was a single component and not the sole ingredient of TruSouth's hydraulic oils, meaning no TruSouth customer used straight New June Blend. PetroTech adds that Roberts said he assumed the solid material he examined came from equipment that had oil in it made from New June Blend, but Mr. Hoffpauir (who provided Roberts the solids) testified that he did not verify whether the equipment he examined had actually received hydraulic oil that contained New June Blend. If this is correct, Dr. Roberts may not be able to testify with respect to opinion number 13. The court will not make a definitive ruling on the issue based on the limited record before it, but TruSouth will have to establish an adequate foundation

before presenting testimony of this nature. If TruSouth intends to elicit such testimony from Dr. Roberts at trial, counsel should bring this to the court's attention early in the trial so that any hearing outside the presence of the jury that may be required to resolve the issue can be conducted in the evening or otherwise so that the presentation to the jury during ordinary hours is not delayed.

      THUS DONE AND SIGNED in Shreveport, Louisiana, this 19th day of December, 2012.

                                                MARK L. HORNSBY
                                      UNITED STATES MAGISTRATE JUDGE